IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV362-02-MU

| | |
|---|---|
| **CHARLES D. WILLINGHAM,**       )<br>    **Plaintiff,**              )<br>                            )<br>     v.                          )<br>                             )<br>**ROBERT BURT PITTMAN, Unit**)<br>  **Manager at Avery-**       )<br>  **Mitchell Correctional**    )<br>  **Institution;**            )<br>**AVERY-MITCHELL CORREC-**     )<br>  **TIONAL INSTITUTION;**      )<br>**MRS. SPARKS, Medical De-**   )<br>  **partment of the Avery-**   )<br>  **Mitchell Correctional**    )<br>  **Institution; and**        )<br>**(FNU) ROBERSON, Correc-**    )<br>  **tional Officer at the**    )<br>  **Avery-Mitchell Correc-**   )<br>  **tional Institution,**     )<br>    **Defendants.**             )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on review of the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed October 31, 2006. After careful consideration, for the reasons stated herein, the plaintiff's Complaint will be <u>dismissed</u>.

By the instant Complaint, the plaintiff sets forth a number of nearly nonsensical and conclusory allegations. In particular, the plaintiff's Complaint states:

> On the date of 9-27-06 time 5:35 p.m. a staff worker did wrong the staff member also lie to his united manager who work for Mr. W. Jobe and Mike Easley the

> Governor of N.C. as of now.  Who train them to lie steel and do what the want to the are problems that makes the SBI FBI wanted to know more.
>
> Cruel and unusual punishment, harassment, slander, hate crimes, affects environmental health and assaults on me as while other inmates <u>Weems v. United States</u> 217 U.S. 349, 30 S.Ct. 544 54 L.Ed. 2d 793 (1910) - <u>Van Horn v. Laklord</u> 392 F.Supp 384 (E.D.Va. 1975) and <u>Carroll v. Jones</u> 17 Crim. L. Rptr 2240 (4th Cir. 1975).  Find out what happen to all my property my stocks gold bonds . . . as of 61.3 billion came from my father estate where it came in the mail as legal mail.

By way of relief for the foregoing unidentified constitutional violation, the plaintiff asks the Court to award him "1.5 billion per day . . . ."  Suffice it to say, however, the instant Complaint must be summarily dismissed for the plaintiff's failure to state a constitutional claim for relief.

Indeed, it is well settled that district courts are authorized to dismiss actions which are determined to be frivolous, i.e., lacking "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  To be sure, the power of the district court to dismiss factually frivolous claims includes claims, such as the instant ones, which are obviously "fantastic" or "delusional."  <u>Adams v. Rice</u>, 40 F.3d 72, 74 (affirming dismissal of complaint which was "nonsensical on its face").

Consequently, in light of the foregoing legal principles, the Court has determined that the plaintiff's Complaint must be dismissed as factually and legally frivolous.  <u>See</u> 28 U.S.C.

2

§1915A(b)(1).

**SO ORDERED.**

Signed: November 7, 2006

Graham C. Mullen
United States District Judge